EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Nilsa L. García Cabrera | 2021 TSPR 115 <br><br> 207 DPR \_\_\_\_\_ |

Número del Caso: TS-9,942

Fecha: 30 de julio de 2021

Abogada de la parte peticionaria:

    Lcda. Daisy Calcaño López

Materia: Reinstalación al ejercicio de la abogacía.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nilsa L. García Cabrera

TS-9,942

RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de julio de 2021.

Evaluada la *Moción Solicitando Reinstalación al Ejercicio de la Abogacía* y la *Moción en Cumplimiento de Orden* presentadas por la peticionaria, se reinstala a la Lcda. Nilsa L. García Cabrera al ejercicio de la abogacía.

Se ordena reactivar la queja AB-2019-227 y la querella CP-2020-007 que tiene la licenciada García Cabrera pendientes ante este Tribunal, las cuales quedaron archivadas administrativamente ante su suspensión en el 2020.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Martínez Torres emite la expresión siguiente.

El Juez Asociado señor Martínez Torres emite la expresión siguiente: He sido consistente en advertir que no debemos reinstalar a un abogado al ejercicio de la profesión legal si este tiene algún proceso disciplinario pendiente ante nosotros. De esa forma nos aseguramos de que estamos autorizando a ejercer la profesión legal a una persona en cumplimiento con los estándares éticos necesarios. El 8 de septiembre de 2020 suspendimos a la señora Nilsa L. García Cabrera

del ejercicio de la abogacía por incumplir con las ordenes de este Tribunal. Véase In re García Cabrera, 2020 TSPR 97, 205 DPR _____ (2020). En aquella ocasión advertí que previo a considerar cualquier solicitud de reinstalación, se debían adjudicar las quejas pendientes en contra de la letrada. Se protege así el interés público al prevenir la concesión de una licencia a una persona que no esté apta éticamente para practicar la abogacía. Por eso hay que adjudicar primero la queja.

Antes de otorgar una licencia por primera vez dilucidamos cualquier planteamiento ético. No veo razón para que no se siga el mismo trámite en una solicitud de reinstalación de la licencia. Ambas tienen el mismo alcance, pues se activa una licencia profesional. ¿Qué nos dice que la abogada que nos vimos obligados a suspender por no cumplir con las órdenes de este Tribunal cumplirá con los procedimientos de las dos quejas pendientes? La verdadera muestra de arrepentimiento sería contestar la queja AB-2019-227, la cual aún no ha contestado y fue la razón por la que la suspendimos. Le fallamos a Puerto Rico cuando reinstalamos a abogados sin la certeza de que cumplen con los estándares para ejercer la profesión legal. Es tiempo de que este Tribunal reconsidere su proceder. La abogada que voluntariamente provocó su suspensión indefinida no tiene derecho a una reinstalación, sin más.

El Juez Asociado señor Colón Pérez no intervino.


Bettina Zeno González
Secretaria del Tribunal Supremo Interina